UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fifth Third Mortgage Company,

    Plaintiff,

v.

John D. Lamey III, Esq., Ryan Pacyga, Esq.,
Chad Wegscheider, Bryan Joseph Lenton,
Timothy A. Netzell, Esq., Columbia Title, LLC,
and Stewart Guaranty Title Company,

    Defendants.

Civil No. 12-2923 (JNE/TNL)
ORDER

    Invoking jurisdiction conferred by 28 U.S.C. § 1332 (2006 & Supp. V 2011), Fifth Third Mortgage Company brought this action against several individuals and entities for breach of contract, fraud, negligent misrepresentation, breach of fiduciary duty, and negligence. The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Observing that Fifth Third Mortgage did not allege the citizenship of some of the defendants in its Complaint, the Court grants Fifth Third Mortgage an opportunity to file an Amended Complaint.

    Section 1332(a)(1) provides that a district court has original jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the party invoking diversity jurisdiction, Fifth Third Mortgage bears the burden of establishing the citizenship of each party. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

In its Complaint, Fifth Third Mortgage properly alleged its own citizenship, as well as that of Stewart Guaranty Title Company. Fifth Third Mortgage alleged that it "is an Ohio corporation with its principal place of business in . . . Ohio" and that Stewart Guaranty Title "is a Minnesota corporation with its principal place of business in . . . Minnesota." Thus, Fifth Third Mortgage alleged that is a citizen of Ohio and that Stewart Guaranty Title is a citizen of Minnesota. *See* 28 U.S.C. § 1332(c)(1) (defining a corporation's citizenship).

Fifth Third Mortgage failed to allege the citizenship of the remaining parties. Fifth Third Mortgage alleged that Columbia Title, LLC, "is a Minnesota limited liability corporation [sic] with its principal place of business in . . . Minnesota."[1] For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction."). "[B]ecause a member of a limited liability company may itself have multiple

---

[1] Because "LLC" appears in its name, Columbia Title is apparently a limited liability company. *See* Minn. Stat. § 322B.12, subd. 1(2) (2010). A database available on the website of the Minnesota Secretary of State reveals that Columbia Title is a limited liability company.

members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005.  Fifth Third Mortgage did not allege with specificity the citizenship of Columbia Title's members.  Consequently, Fifth Third Mortgage failed to allege the citizenship of Columbia Title.

As to the individual defendants, Fifth Third Mortgage alleged that each is a "resident" of Minnesota.[2]  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).  Residence and citizenship are not synonymous for purposes of diversity jurisdiction.  *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998); *Walker*, 108 F.3d at 161; *Dale v. Weller*, 956 F.2d 813, 814-15 (8th Cir. 1992); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Having failed to allege the citizenship of each party, Fifth Third Mortgage has not satisfied its burden of alleging diversity jurisdiction.  Unless Fifth Third Mortgage files, within seven days of the date of this Order, an Amended Complaint that alleges with specificity the citizenship of each party at the time of this action's commencement, *see Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574-75 (2004), the Court will dismiss this action for lack of subject-matter jurisdiction.  *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach*, 135 F.3d at 593.

IT IS SO ORDERED.

Dated: November 27, 2012

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge

---

[2] Although the Complaint's caption does not name Patrick Dols as a defendant, the body of the Complaint identifies him as one.