UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fifth Third Mortgage Company,

    Plaintiff,

v.

John D. Lamey III, Esq., Ryan Pacyga, Esq.,
Chad Wegscheider, Patrick Dols, Bryan Joseph
Lenton, Timothy A. Netzell, Esq., Columbia
Title, LLC, and Stewart Title Guaranty
Company,

    Defendants.

Civil No. 12-2923 (JNE/TNL)
ORDER

Kendall Bader, Barnes & Thornburg LLP, appeared for Plaintiff Fifth Third Mortgage Company.

Eric Nasstrom, Morrison Sund PLLC, appeared for Defendant Stewart Title Guaranty Company.

    Claiming that it was injured by a mortgage fraud scheme, Fifth Third Mortgage Company brought this action against borrowers, mortgage brokers, an appraiser, a closing agent, a title company, and a title insurance company. The case is before the Court on Stewart Title Guaranty Company's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, the Court denies the motion.

    In ruling on a motion to dismiss under Rule 12(b)(6), a court accepts the facts alleged in the complaint as true and grants all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a pleading is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] Stewart Title Guaranty asserted that Fifth Third Mortgage had incorrectly identified it as "Stewart Guaranty Title Company." At the motion hearing, the Court granted Stewart Title Guaranty's motion to amend the caption.

1

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Fifth Third Mortgage's claims against Stewart Title Guaranty are based on closing protection letters that Stewart Title Guaranty issued in connection with the closings of loans made by Fifth Third Mortgage to John D. Lamey III and Ryan Pacyga.[2] Each letter, which refers to Stewart Title Guaranty as "the Company," contains the following provision regarding notice:

> Claims shall be made promptly to the Company at its principal office at P.O. Box 2029 in Houston, Texas 77252-2029. When the failure to give prompt notice shall prejudice the Company, then liability of the Company hereunder shall be reduced to the extent of such prejudice. The Company shall not be liable hereunder unless notice of claim in writing is received by the Company within (90) days from the date of discovery of loss. The Company shall not be liable hereunder unless notice of claim in writing is received by the Company at its Home Office in Houston, Texas, one year from the date of closing.

In each letter, the protection provided by Stewart Title Guaranty to Fifth Third Mortgage is essentially the same:

> You have requested title insurance of Stewart Guaranty Title . . . for your protection in connection with the closing of the Real Estate Transaction conducted by the Issuing Agent or the Approved Attorney and in which you are to be the (a) lessee of an interest in land, (b) purchaser of an interest in land, or (c) lender secured by a mortgage (including any other security instrument) of an interest in land, its assignees or a warehouse lender. If the aggregate of all funds you transmit to the Issuing Agent or Approved Attorney for the Real Estate Transaction does not exceed $10 million, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you actual loss incurred by you in connection with such closing when conducted by the Issuing Agent or an Approved Attorney and when such loss arises out of:
>
> > 1. Failure of the Issuing Agent or Approved Attorney to comply with your written closing instructions to the extent that they relate to (a) the status of the title to said interest in land or the validity, enforceability and priority

---

[2]   Because Fifth Third Mortgage attached the closing protection letters to its Amended Complaint and the letters are necessarily embraced by the pleadings, the Court may consider the letters in resolving Stewart Title Guaranty's motion. *See Dittmer Props., L.P. v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013).

>of the lien of said mortgage on said interest in land, including the obtaining of documents and the disbursement of funds necessary to establish such status of title or lien, or (b) the obtaining of any other document specifically required by you, but not to the extent that said instructions require a determination of the validity, enforceability or effectiveness of such other document, or (c) the collection and payment of funds due you, or
>
>2. Fraud, dishonesty or negligence of the Issuing Agent or Approved Attorney in handling your funds or documents in connection with such closings to the extent such fraud, dishonesty or negligence relates to the status of the title to said interest in land or the validity, enforceability, and priority of the lien of said mortgage on said interest in land.

Stewart Title Guaranty moved to dismiss on the grounds that Fifth Third Mortgage failed to allege it provided written notice to Stewart Title Guaranty of its claims within one year of the closings and that Fifth Third Mortgage failed to allege it provided written notice to Stewart Title Guaranty of its claims within ninety days of discovery of a potential loss resulting from the closings. The parties dispute whether the closing protection letters are insurance policies or indemnity agreements. At this time, the Court need not resolve this dispute. *See Winthrop & Weinstine, P.A. v. Travelers Cas. & Sur. Co.*, 187 F.3d 871, 874 (8th Cir. 1999) ("In Minnesota, late notice by the insured does not necessarily result in a loss of coverage. Late notice defeats coverage only if there is prejudice to the insurer or notice is actually a condition precedent to coverage (i.e. the policy is a 'claims made' policy)."); *Peggy Rose Revocable Trust v. Eppich*, 640 N.W.2d 601, 606 (Minn. 2002) ("Parties may limit the time within which legal claims may be brought provided there is no statute specifically prohibiting the use of a different limitations period in such a case and the time fixed is not unreasonable. Whether the contractual limitations period is reasonable depends upon the particular facts presented; what is acceptable in one case may be objectionable in another." (citation omitted)); *L&H Transp., Inc. v. Drew Agency, Inc.*, 403 N.W.2d 223, 226 (Minn. 1987) ("[W]hen an insurance clause requires *notice* of a claim to be given within a certain period, failure to give *notice* within that period absolves the insurer of

3

liability only if the failure prejudices the insurer.").[3]  Whether Stewart Title Guaranty was prejudiced by the alleged failure to comply with the notice provision and whether the closing protection letters set reasonable time limits are issues that are not amenable to resolution in the context of a Rule 12(b)(6) motion.  The Court declines to dismiss Fifth Third Mortgage's claims against Stewart Title Guaranty on the ground that Fifth Third Mortgage failed to comply with the notice provision.

   Stewart Title Guaranty also moved to dismiss Fifth Third Mortgage's claims against it because they are not within the scope of coverage provided by the closing protection letters.  The United States District Court for the District of Illinois recently rejected a similar argument.  *See Fifth Third Mtge. Co. v. Kaufman*, No. 12 C 4693, 2013 WL 474506, at *2-3 (N.D. Ill. Feb. 7, 2013).  Stewart Title Guaranty distinguished *Kaufman* on the grounds that the case did not discuss any limit on the time to provide notice of loss and that the case involved an allegation of fraud directed at the title insurance company.  Acknowledging the distinctions drawn by Stewart Title Guaranty and recognizing that *Kaufman* is not binding authority, the Court rejects Stewart Title Guaranty's argument for dismissal for essentially the same reasons set forth in *Kaufman*.

---

[3]   "[W]here the giving of notice of loss . . . is a condition precedent of liability under the insurance contract . . . noncompliance with that provision is fatal to recovery."  Sterling State Bank v. Va. Sur. Co., 173 N.W.2d 342, 354-55 (Minn. 1969).  According to Stewart Title Guaranty, the notice provision constitutes a condition precedent.  The case cited by Stewart Title Guaranty to support the assertion—*Shukh v. Seagate Tech., LLC*, Civil No. 10-404, 2011 WL 6003951, at *4 (D. Minn. Nov. 30, 2011)—analyzed whether conditions precedent to an employment agreement had been satisfied.  Given the arguments presented, the Court declines to resolve Stewart Title Guaranty's motion on the ground that the notice provision constitutes a condition precedent.  The Court notes that the Minnesota Court of Appeals has addressed whether an insurance policy created a condition precedent.  *See Cargill, Inc. v. Evanston Ins. Co.*, 642 N.W.2d 80, 87 (Minn. Ct. App. 2002) (analyzing policy that required timely notice of a claim "[a]s a condition precedent to his right to the protection afforded by [the] policy"); *N. Star Mut. Ins. Co. v. Midwest Family Mut. Ins. Co.*, 634 N.W.2d 216, 220 n.1 (Minn. Ct. App. 2001) ("Secura's policy provided that Smith should inform Secura or its authorized agent 'as soon as reasonably possible' after every accident, occurrence, or loss.  This language does not create a condition precedent.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Stewart Title Guaranty's motion to amend the caption is GRANTED. The Clerk of Court shall amend the caption to replace "Stewart Guaranty Title Company" with "Stewart Title Guaranty Company."

2. Stewart Title Guaranty's motion to dismiss [Docket No. 23] is DENIED.

Dated:  May 13, 2013

                                               s/Joan N. Ericksen
                                               JOAN N. ERICKSEN
                                               United States District Judge